UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| HELEN TARAGAN, FRANCES JEANETTE TAYLOR, CLARENCE TAYLOR, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>NISSAN NORTH AMERICA, INC., a California corporation; NISSAN MOTOR COMPANY, LTD., a Japanese company,<br><br>Defendant. | Case No: C 09-03660 SBA<br><br>**ORDER OF DISMISSAL** |

The Court requested supplemental briefing from the parties regarding whether the Court has original jurisdiction and/or should assert supplemental jurisdiction over the remaining individual state law products liability and negligence claims brought Plaintiffs Frances Jeanette Taylor and Clarence Taylor (collectively "Taylor Plaintiffs"). Having read and considered the papers filed in connection with this matter and being fully informed, the Court finds that it lacks original jurisdiction over the Taylor Plaintiffs' individual claims, and declines to assert supplemental jurisdiction over them. For the reasons that follow, said claims are dismissed without prejudice in accordance with 28 U.S.C. § 1367(c)(3).

I. **BACKGROUND**

On August 10, 2009, Plaintiffs Helen Taragan, along with the Taylor Plaintiffs (collectively "Plaintiffs," unless specified otherwise) filed a Complaint for Damages and Equitable Relief, which alleges six claims for relief against Nissan North America, Inc. ("Nissan") and Nissan Motor Company, Ltd. ("NMC"). Four of those claims are brought by all Plaintiffs on behalf of the putative class, as follows: (1) breach of express warranty;

(2) breach of implied warranty; (3) violations of State Consumer Protection Statutes; and (4) unjust enrichment (collectively "Class Claims"). Id.. ¶¶ 44-66. The Class Claims, which are brought pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2), Compl. ¶ 15, are predicated on the theory that Nissan violated Federal Motor Vehicle Safety Standard 114 because the automobile key fob can be removed from the vehicle while it is turned off, even when the transmission gear is not in "park," id. ¶¶ 14, 44-66.

In addition to the Class Claims, the Complaint alleges two individual state law claims brought solely on behalf of the Taylor Plaintiffs, who are residents of Louisiana. In the Complaint's fifth cause of action, the Taylor Plaintiffs allege a design defect/failure to warn products liability claim based on Louisiana law. Id. ¶¶ 67-83. The sixth cause of action is brought by Plaintiff Clarence Taylor only, who alleges a cause of action for negligent infliction of emotional distress. Id. ¶¶ 84-93. The Taylor Plaintiffs' individual claims arise from an accident involving their Nissan Murano, which occurred in Louisiana on August 27, 2008. Id. ¶¶ 19-21. The Complaint alleges that the Court has supplemental jurisdiction over these individual state law claims under 28 U.S.C. § 1367(a). Id. ¶ 15.

Nissan filed a motion to dismiss the Class Claims alleged in the Complaint. Dkt. 14. On September 2, 2010, the Court granted Nissan's motion and dismissed the Class Claims, without leave to amend. 9/2/10 Order, Dkt. 47. In its ruling, the Court noted that Nissan had not addressed the individual state law claims brought by the Taylor Plaintiffs. Since these are individual claims, as opposed to claims brought on behalf a putative class, the Court directed the parties to brief the issue of whether it had original jurisdiction over these claims, and if not, whether the Court should exercise supplemental jurisdiction over them. See 9/2/10 Order at 8-9.

Both parties timely filed memoranda in response to the Court's order. Dkt. 48, 49. In their brief, Plaintiffs argue that the Court has original jurisdiction over the Taylor Plaintiffs' claims based on diversity, pursuant to 28 U.S.C. § 1332. They contend that the parties are diverse, as the Taylor Plaintiffs are citizens of the State of Louisiana, while

Nissan is a California corporation and NMC is a foreign entity.  Compl. ¶ 19, 22.  As for the amount in controversy, Plaintiffs allege that it exceeds $75,000, although no such allegation is made anywhere in the Complaint.  Pls.' Mem. at 2, Dkt. 48.  Although Plaintiffs chose this forum to file suit, they now propose that the Court sever the Taylor Plaintiffs' claims and transfer them to the Eastern District of Louisiana as a matter of "convenience."  See Jt. Case Mgt. Stmt. at 2, Dkt. 51. Upon severance, Plaintiffs intend to appeal this Court's September 2, 2011, Order dismissing the Class Claims.  Id.  In the event the Court declines to sever the Taylor Plaintiffs' claims, Plaintiffs state that they will seek leave under Federal Rule of Civil Procedure 54(b) to pursue an interlocutory appeal of the Court's Order dismissing the Class Claims.  Id.

In its memorandum, Nissan raises three arguments why the Court has jurisdiction over the remaining claims.  First, Nissan, concurring with Plaintiffs, asserts that the parties are diverse and that more than $75,000 in controversy is at issue.  Def.'s Mem. at 1, Dkt. 49.  Second, Nissan contends that the Court has "continuing jurisdiction" under CAFA.  Id.  Finally, Nissan urges, as an alternative matter, that the Court assert supplemental jurisdiction over the Taylor Plaintiffs' claims under 28 U.S.C. § 1367(a).  In terms of further handling, Nissan opposes severance of the Taylor Plaintiffs' individual claims from the Class Claims on the ground that they involve overlapping legal and factual issues.  Nissan also opposes transferring the Taylor Plaintiffs' claims to another forum.  Instead, Nissan takes the position that the entire action must be proceed to final judgment before any appeal may be taken from this Court's Order dismissing the Class Claims.

## II. DISCUSSION

### A. DIVERSITY JURISDICTION

"Federal courts are courts of limited jurisdiction.  They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).  "The basic statutory grants of federal-court subject-matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332."  Arbaugh v. Y&H Corp., 546 U.S. 500, 513 (2006).  Section 1331

confers federal question jurisdiction in "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Under § 1332, district courts have diversity jurisdiction over all civil actions "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between ... citizens of different States." 28 U.S.C. § 1332(a). "[T]he amount in controversy is determined from the face of the pleadings." Crum v. Circus Circus Enters., 231 F.3d 1129, 1131 (9th Cir. 2000). The party seeking to invoke the court's jurisdiction bears the burden of establishing subject matter jurisdiction. See Tosco Corp. v. Comtys. for Better Env't, 236 F.3d 495, 499 (9th Cir. 2001).

Plaintiffs and Nissan contend that the Court has diversity jurisdiction over the Taylor Plaintiffs' state law claims. However, the Complaint contains no such allegation. Rather, the pleadings merely allege that the Court has original jurisdiction over the Class Claims pursuant to CAFA, and supplemental jurisdiction with respect to the remaining state law causes of action:

> The Court has jurisdiction over Plaintiffs' claims under the *Class Action Fairness Act of 2005* ("CAFA"), 28 U.S.C. § 1332(d)(2). With respect to CAFA, this Court has jurisdiction since: (i) the amounts in controversy exceed the jurisdictional amount, (ii) the Class consists of thousands of individuals, and (iii) Plaintiffs are citizens of foreign states. This Court can also exercise *supplemental jurisdiction* under 28 U.S.C. § 1367 over the state law claims because they are derived from the same nucleus of operative facts as the federal law claim such that Plaintiffs would ordinarily expect to try them in one proceeding.

Compl. ¶ 15 (emphasis added). There is no allegation that jurisdiction is based on diversity jurisdiction under § 1332(a) nor are there any allegations that the amount in controversy exceeds $75,000.

The basis of the district court's jurisdiction must be expressly alleged in the pleadings. See Victor Foods, Inc. v. Crossroads Economic Devel. of St. Charles County, Inc., 977 F.2d 1224, 1227 (8th. Cir. 1992) ("[Plaintiff] must sufficiently allege the basis for federal subject matter jurisdiction in its complaint."). Where the complaint fails to allege the basis of diversity jurisdiction, including the amount in controversy, the complaint is

- 4 -

subject to dismissal.  See Schwarzer, Tashima & Wagstaffe, Fed. Civ. Proc. Before Trial, § 8:500 at 8-56.4 (TRG 2010) (citing cases).  Since Plaintiffs failed to allege diversity as the basis of the Court's jurisdiction or that the amount in controversy as to the Taylor Plaintiffs' claims exceeds $75,000, the Court rejects the parties' belated attempt to predicate the Court's subject matter jurisdiction on that basis.

### B.     CAFA JURISDICTION

Alternatively, *Nissan* contends that the Court has jurisdiction over the Taylor Plaintiffs' individual claims under CAFA.  In 2005, Congress enacted CAFA, which, among other things, amended the federal diversity statute to provide federal jurisdiction in class actions.  Under CAFA:

> The district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which
>
> (A) any member of a class of plaintiffs is a citizen of a State different from any defendant;
>
> (B) any member of a class of plaintiffs is a foreign state or a citizen or subject of a foreign state and any defendant is a citizen of a State; or
>
> (C) any member of a class of plaintiffs is a citizen of a State and any defendant is a foreign state or a citizen or subject of a foreign state.

28 U.S.C. § 1332(d)(2). CAFA applies to "class actions," which the statute specifically defines as "any civil action filed under Rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action."  Id. § 1332(d)(1)(B).

Citing United States v. Shell Oil Co., 602 F.3d 1087 (9th Cir. 2010), Nissan contends that the Court maintains continuing jurisdiction over the individual claims under CAFA, notwithstanding the Court's prior dismissal of Plaintiffs' Class Claims.  Def.'s Mem. at 1.  In Shell Oil, the district court, after denying class certification, concluded that it no longer had jurisdiction and remanded the case to state court.  The Ninth Circuit reversed and held that the denial of class certification does not divest a federal court of jurisdiction

1    over cases removed under CAFA.  602 F.3d at 1089.  That case is distinguishable, however.
2    Unlike Shell Oil, the instant action was not removed from state court; rather, it was initiated
3    in this Court.  Moreover, although the district court in Shell Oil denied class certification,
4    the claims over which the district court had original jurisdiction remained pending.  In
5    contrast, the Class Claims—over which this Court had original jurisdiction under CAFA—
6    *have been dismissed*.  Notably, Nissan has not presented the Court with any authority
7    demonstrating that the Court has continuing jurisdiction under CAFA with respect to
8    individual state law causes of action where, as here, the CAFA-based claims are no longer
9    pending.  Therefore, the Court's jurisdiction over the Taylor Plaintiffs' individual claims
10   exists, if at all, only to the extent the Court exercises supplemental jurisdiction over them
11   under 28 U.S.C. § 1367(a).

   **C.    SUPPLEMENTAL JURISDICTION**

       Pursuant to 28 U.S.C. § 1367(a), a federal court "shall have supplemental jurisdiction over all [state law] claims that are so related to the [federal] claims that they form part of the same case or controversy under Article III of the United States Constitution."  Under § 1367(c), however, the Court may decline to exercise supplemental jurisdiction over a claim, inter alia, where it "has dismissed all claims over which it has original jurisdiction…."  28 U.S.C. § 1367(c)(3); see Sanford v. MemberWorks, Inc., 625 F.3d 550, 561 (9th Cir. 2010).  "'[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine-judicial economy, convenience, fairness, and comity-will point toward declining to exercise jurisdiction over the remaining state-law claims.'"  Id. (quoting Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988)).

       Although the Complaint alleges that the Court may assert supplemental jurisdiction over their state law claims, Plaintiffs presently do not argue that the Court should do so at this juncture.  See Pl.'s Mem. at 8.  Nonetheless, Nissan, undoubtedly desiring to remain in federal court, contends that it would be "appropriate and efficient" for the Court to exercise supplemental jurisdiction given its understanding of the issues presented in the action.

Def.'s Mem. at 1. However, the fact that the Court dismissed Plaintiff's Class Claims at the pleading stage militates against retaining jurisdiction. See Carnegie-Mellon Univ., 484 U.S. at 351("When the single federal-law claim in the action was eliminated at an early stage of the litigation, the District Court had a powerful reason to choose not to continue to exercise jurisdiction").  Moreover, given the Taylor Plaintiff's apparent desire to pursue their claims Eastern District in Louisiana, the Court finds that the preferable course of action is to decline to assert supplemental jurisdiction over their claims and to dismiss them without prejudice to refiling said claims in an appropriate forum.[1]

## III. CONCLUSION

For the reasons stated above,

IT IS HEREBY ORDERED THAT the Taylor Plaintiffs' individual state law claims, which are set forth as the fifth and sixth causes of action in the Complaint, are DISMISSED without prejudice.  Judgment shall be entered in favor of Nissan with respect to Plaintiff's Class Claims.  The Clerk shall close the file, terminate all pending matters and vacate all pending dates.

IT IS SO ORDERED.

Dated: March 16, 2011

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge

---

[1] Plaintiffs have not cited any authority demonstrating that it is appropriate for the Court to transfer venue as to *some* of the Plaintiffs' claims to another forum for the *Plaintiffs'* convenience. If this forum were as inconvenient as Plaintiffs now claim, they should have not have filed such claims in this Court in the first instance.