FILED

AUG 02 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HELEN TARAGAN; FRANCES JEANETTE TAYLOR; and CHARLES TAYLOR, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> NISSAN NORTH AMERICA, INC., a California corporation; and NISSAN MOTOR COMPANY, LTD., a Japanese company, <br><br> Defendants - Appellees. | No. 11-15664 <br><br> D.C. No. 4:09-cv-03660-SBA <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Saundra B. Armstrong, District Judge, Presiding

Argued and Submitted July 16, 2012
San Francisco, California

Before: FERNANDEZ and PAEZ, Circuit Judges, and SETTLE, District Judge.[*][**]

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable Benjamin Hale Settle, United States District Judge for the Western District of Washington, sitting by designation.

Helen Taragan, Frances Jeanette Taylor, and Charles Taylor ("Appellants") appeal the district court's dismissal of their complaint without leave to amend. We have jurisdiction under 28 U.S.C. § 1291, and we affirm in part, reverse in part and remand with leave to amend.

The district court properly construed the National Highway Traffic Safety Administration's Federal Motor Vehicle Safety Standard 114 ("FMVSS 114") because the regulation's language is plain and unambiguous. *Wards Cove Packing Corp. v. Nat'l Marine Fisheries Serv.*, 307 F.3d 1214, 1219 (9th Cir. 2002) ("[T]he plain meaning of a regulation governs[.]"). Based on the plain language of FMVSS 114, the district court correctly determined that Appellants had failed to state a cognizable claim for relief and properly dismissed these claims with prejudice.

Appellants argue that the district court erred when it dismissed their entire complaint because they asserted claims for relief that were not based on a violation of FMVSS 114. Nissan North America, Inc., and Nissan Motor Company, Ltd., counter that Appellants' argument should be rejected because Appellants failed to ask the district court for leave to amend. The district court, however, expressly addressed the issue when it dismissed Appellants' claims without leave to amend. "Because the issue was expressly addressed and decided by the district court,

raised on appeal, and fully briefed by both parties, it is subject to review by this court." *United States v. Corinthian Colls.*, 655 F.3d 984, 995 (9th Cir. 2011).

The district court's denial of leave to amend a complaint is reviewed for an abuse of discretion. *See Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004). "The standard for granting leave to amend is generous." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 701 (9th Cir. 1990) (noting that leave to amend should be granted when a court can "conceive of facts" that would render the plaintiff's claim viable). In this case, Appellants' claims could conceivably be viable based on allegations that their vehicles are unsafe regardless of whether the vehicles violate FMVSS 114. Therefore, the district court abused its discretion in dismissing Appellants' complaint without leave to amend. On remand, the district court shall grant Appellants leave to amend, but Appellants may not include claims based on violations of FMVSS 114 because these claims were properly dismissed with prejudice.

**AFFIRMED in part, REVERSED in part, and REMANDED with leave to amend consistent with this disposition.** Each party to bear its own costs.